| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| UNITED STATES OF AMERICA, | 04-CR-750 (JBW) |
| v. | Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |
| ROSE CADLE, | |
| Defendant. | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 3 0 2009 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 22, 2004, Rose Cadle pled guilty to a lesser-included offense within count one of a three-count indictment, which charged that on July 25, 2004, the defendant and another individual conspired to import cocaine into the United States, in violation of 21 U.S.C. § 963.

Cadle was sentenced on May 7, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-one and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. Pursuant to section 5K1.1 of the United States Sentencing Guidelines, the government submitted a letter describing Cadle's substantial assistance to the government. The offense carried a maximum term of imprisonment of 20 years. See 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $7,500 to $75,000. The open charges in the indictment were dismissed upon motion by the government.

Cadle was sentenced to three years of probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court sentenced the defendant under 18 U.S.C. § 3553(a) and in consideration of the government's letter submitted under section 5K1.1 of the United States Sentencing Guidelines.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the offense is serious, it took place almost five years prior to this sentencing. The defendant's actions since that time demonstrate significant rehabilitation. Cadle has pursued an education and devoted herself to her family responsibilities. Her cooperation with the government was robust and helped lead to the conviction of a major cocaine trafficker. A sentence of three years of probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in serious consequences. Specific deterrence is not necessary because of the defendant's rehabilitation since the time of the offense. It is unlikely that she will engage in further criminal activity in light of her remorse and family responsibilities.

Jack B. Weinstein
Senior United States District Judge

Dated: June 11, 2009
Brooklyn, New York

3